1   LONNIE D. GIAMELA, SBN 228435
    E-Mail: lgiamela@fisherphillips.com
2   DEVIN RAUCHWEGER, SBN 274234
    E-Mail: drauchwerger@fisherphillips.com
3   FISHER & PHILLIPS LLP
    444 S. Flower Street, Suite 1500
4   Los Angeles, CA 90071
    Telephone: (213) 330-4500
5   Facsimile: (213) 330-4501

6   Attorneys for Defendant
    IT'SUGAR, LLC
7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10

11  ALVINA JUDKINS, an individual,          Case No.:

12                 Plaintiff,
                                            **NOTICE OF REMOVAL OF
13       v.                                 ACTION**

14  IT'SUGAR LLC, a Limited Liability       (Pursuant to 28 U.S.C. §§ 1332, 1441
    Company, and DOES 1 through 50,         and 1446)
15  inclusive,
                                            (Originally filed in Los Angeles
16                 Defendants.              Superior Court, Case No. BC716662)

17                                          *[Filed Concurrently with the
                                            Declaration of Mary Kate Heller and
18                                          Declaration of Devin Rauchwerger]*

19                                          Complaint Filed:    August 2, 2018
                                            Trial Date:         None
20

21

22

23

24

25

26

27

28

---

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

FPDOCS 34724012.2

**TO PLAINTIFF AND HER COUNSEL OF RECORD AND TO THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE THAT Defendant, IT'SUGAR, LLC ("Defendant") through its counsel of record, submits this petition for removal of this case from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California (Western Division) pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. The grounds for removal are as follows:

**I.    Statement of Jurisdiction**

1.    This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and this action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. 1441(b), because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as set forth below. *See* 28 U.S.C. §§ 1332, 1441(a) and (b).

**II.    Venue**

2.    This action was filed in the Superior Court of California for the County of Los Angeles. Thus, venue properly lies in the United States District Court for the Central District of California. *See* 28 U.S.C. §§ 84(c), 1391, and 1441(a).

**III.    Plaintiff's Complaint**

3.    This lawsuit arises out of Plaintiff's employment with Defendant. On August 2, 2018, Plaintiff filed a Complaint in the Superior Court of California, County of Los Angeles, styled and captioned exactly as above, and assigned Case No. BC716662 ("Complaint"). In the Complaint, Plaintiff alleges three causes of action for: (1) Disability Discrimination in Violation of FEHA; (2)

///

FPDOCS 34724012.2

1  Failure to Engage in the Interactive Process in Violation of FEHA; and (3)
2  Wrongful Termination in Violation of Public Policy.

3      4.    On August 20, 2018, Plaintiff served a copy of the Summons and
4  Complaint and related papers to Defendant's authorized agent for service of
5  process CSC-Lawyers Incorporating Service.  A true and correct copy of the
6  Complaint and all other papers received by CSC-Lawyers Incorporating Service
7  are attached as **Exhibit 1** to the Declaration of Devin Rauchwerger
8  ("Rauchwerger Decl.").

9      5.    On August 23, 2018, Plaintiff filed her Proof of Service of Summons
10 on It'Sugar, LLC.  A true and correct copy of Plaintiff's Proof of Service of
11 Summons is attached hereto as **Exhibit 2** to the Rauchwerger Decl.

12     6.    Does 1 through 50 in the Complaint are unnamed and unknown, and
13 therefore have not been served with Plaintiff's Summons and Complaint.

14     7.    Defendant filed an Answer to the Complaint on September 19, 2018.
15 A true and correct copy of Defendant's Answer is attached as **Exhibit 3** to the
16 Rauchwerger Decl.

17     8.    Also on September 19, 2018, Defendant served a single Request for
18 Admission on Plaintiff requesting Plaintiff admit that the amount in controversy
19 in the Complaint exceeded the sum of $75,000 in damages. A true and correct
20 copy of Defendant's Request for Admission is attached as **Exhibit 4** to the
21 Rauchwerger Decl.

22     9.    On October 24, 2018, Plaintiff served a response to Defendant's
23 Request for Admission, admitting that the amount in controversy exceeded
24 $75,000 in damages.  A true and correct copy of Plaintiff's response to
25 Defendant's Request for Admission is attached as **Exhibit 5** to the Rauchwerger
26 Decl.

27     10.   On November 6, 2018, Plaintiff served a Notice of Case
28 Management Conference, scheduled for December 20, 2018.  A true and correct

1   copy of Plaintiff's Notice of Case Management Conference is attached as **Exhibit**
2   **6** to the Rauchwerger Decl.

3       11.    As of the date of this Removal, no other pleadings or papers have
4   been filed in this action, and no other Defendants have been served with the
5   Complaint.

6   **IV.    Timeliness of Removal**

7       12.    Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal has been
8   filed within thirty (30) days after receipt by the Defendant of a paper from which
9   it may first be ascertained that the case is one which is or has become removable.
10  In addition, this Notice of Removal has been filed within one year of
11  commencement of the action in state court as required by 28 U.S.C. §1446(c).
12  Therefore, this Notice of Removal has been timely filed.

13  **V.    Diversity of Citizenship Jurisdiction**

14      13.    This action is a civil action that provides this court with a separate
15  and independent basis to exercise jurisdiction over Plaintiff's alleged claims
16  because it is an action between citizens of different states where the amount in
17  controversy exceeds the sum of $75,000.00.  *See* 28 U.S.C. §1332(a).

18      14.    At all relevant times, Plaintiff is, and was, a resident and citizen of
19  the State of California.  Plaintiff's Complaint expressly alleges that Plaintiff "at
20  all times herein mentioned was a resident of Los Angeles County, California.
21  *See* Complaint, at para. 1. For diversity purposes, a person is a "citizen" of the
22  state in which he or she is domiciled.  *See* 28 U.S.C. § 1332 (a)(1); *see also*
23  *Kanotor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *Kramer v.*
24  *Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)(confirming that a
25  person's domicile is the place he resides with the intention to remain).

26      15.    At the time this action was filed and at the time this Notice of
27  Removal was filed, Defendant is, and was, a Limited Liability Corporation
28  organized in the State of Delaware with its principal place of business in

DEFENDANT'S NOTICE OF REMOVAL OF ACTION
FPDOCS 34724012.2

Deerfield Beach, Florida. (*See* Declaration of Mary Kate Heller ("Heller Decl."), at paras. 3 and 4.) All major corporate functions and positions are located in Deerfield Beach, Florida including the CEO, CFO, Human Resources, Accounting, IT, Merchandising, Logistics, Inventory Replenishment and the Creative Department. (Heller Decl., para 4.) Defendant consists of two members including It'Sugar Holdings, LLC and JR Sugar Holdings, Inc. (Heller Decl., para. 5.) JR Sugar Holdings, Inc. is located in Deerfield Beach, Florida, which at the time of the filing of this action was, and still is, its principal place of business. (Heller Decl., para. 6.) At the time of the filing of this action, JR Sugar Holdings, Inc. was, and still is, incorporated in the State of Delaware. (Heller Decl., para 6.) At the time of the filing of this action, It'Sugar Holdings, LLC was, and still is, organized in the State of Florida with its principal place of business in Fort Lauderdale, Florida. (Heller Decl., para. 7.) At the time of the filing of this action, It'Sugar Holdings, LLC was and still consists of four managers who were, and currently are, all domiciled in Florida. (Heller Decl., para. 7.) As such, Defendant is a citizen of the States of Delaware and Florida for the purposes of removal and pursuant to 28 U.S.C. § 1332(c).

16. Defendants Does 1 through 50 are fictitious. The Complaint does not set forth the identity or status of any fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Thus, pursuant to Section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

17. Because Plaintiff's California citizenship is distinct from Defendant's Delaware and Florida citizenship, complete diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332(a).

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

FPDOCS 34724012.2

18.    The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs.  In her Complaint, Plaintiff seeks damages for her alleged discrimination, wrongful termination and related damages.    The Complaint's only statement regarding the amount of damages is that the damages are greater than $25,000 for purposes of meeting the jurisdictional minimum of an unlimited lawsuit.    (Complaint, Para. 49.)    As a result, Defendant served a Request for Admission on September 19, 2018 requesting Plaintiff admit that the amount in controversy was greater than $75,000.  On October 24, 2018, Plaintiff responded by admitting that the amount in controversy is greater than $75,000.

19.    The status of the parties' citizenship and the amount in controversy can be determined from the complaint and other sources, including statements made in the notice of removal and Plaintiff's discovery response.  *See Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-inDe-controversy inquiry in the removal context is not confined to the face of the complaint."); *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 839-40 & n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy).

20.    Pursuant to 28 U.S.C. §§ 1332 and 1441(a), this state court action may be removed to the United States District Court for the Central District of California in that it is more than likely that the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and there was at the time this action was filed, and there is now, diversity of citizenship between Plaintiff and Defendant.

///

///

///

DEFENDANT'S NOTICE OF REMOVAL OF ACTION

## VI.   Notice to the Court and Parties

21.   Promptly upon filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Los Angeles, California.

Date:  November 21, 2018                    FISHER & PHILLIPS LLP

By: /s/ Devin Rauchwerger
_____
Lonnie Giamela
Devin Rauchwerger
Attorneys for Defendant
IT'SUGAR, LLC

# CERTIFICATE OF SERVICE

I, the undersigned, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 444 S. Flower Street, Suite 1500, Los Angeles, California 90071.

On **November 21, 2018,** I served the foregoing document entitled **NOTICE OF REMOVAL OF ACTION;** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Edward W. Choi, Esq.                          Attorney for Plaintiff,
Paul M. Yi, Esq.                              ALVINA JUDKINS
LAW OFFICES OF CHOI &
ASSOCIATES, APLC                              Telephone: (213) 381-1515
515 S. Figueroa St., Suite 1250              Facsimile: (213) 465-4885
Los Angeles, CA 90071

☒    **[by MAIL]** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐    **[by ELECTRONIC SUBMISSION]** I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐    **[by FEDERAL EXPRESS]** I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery by Federal Express. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by Federal Express for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☒    **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **November 21, 2018,** at Los Angeles, California.

Karla P. Gonzalez                    By: _____
_____
        Print Name                              Signature

1
CERTIFICATE OF SERVICE